E-FILED
Wednesday, 25 October, 2017  11:56:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONTANEOUS SALLY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17-1378 |
| | ) | |
| JUSTIN HAMMERS, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges Plaintiff alleges Warden Justin Hammers and Correctional Officer Wolfe violated his constitutional rights at Illinois River Correctional Center. Specifically, Plaintiff claims Defendant Wolfe used excessive force of March 22, 2017, when she intentionally and maliciously slammed a prison door on Plaintiff's hand causing injury. Plaintiff received medical care and claims he still suffers with finger numbness and pain running up in his arm.

Plaintiff has adequately alleged Defendant Wolfe violated his Eighth Amendment rights by the use of excessive force. However, Plaintiff has failed to state any specific claim against Warden Hammers and a Defendant cannot be held liable

1

pursuant to 42 U.S.C.§1983 simply because he is a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liability) does not apply to § 1983 actions..").

The Court notes it is unclear from Plaintiff's complaint if he exhausted all available administrative remedies before filing his complaint, but exhaustion is an affirmative defense more appropriately addressed in a motion for summary judgment if appropriate.

Finally, Plaintiff has filed a motion for appointment of counsel.[5] Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointment in a civil case. Therefore, the most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted and copies of letters sent or received. Therefore, Plaintiff's motion is denied with leave to refile. [5]

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Wolfe violated Plaintiff's Eighth

Amendment rights with the use of excessive force on March 22, 2017. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Warden Justin Hammers for failure to state a claim upon which relief can be granted; 2) deny Plaintiff's motion for appointment of counsel with leave to renew, [5]; 3) attempt service on the identified Defendant pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines, and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act (HIPAA).**

ENTERED this 25th day of October, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE